IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| VIRGINIA STOCKTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-3016 |
| | ) | |
| THE CANADA LIFE ASSURANCE | ) | |
| CO. and LESLIE & ASSOCIATES, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This cause is before the Court on Defendants' Motion to Vacate Plaintiff's State Court Default (d/e 13) (Motion to Vacate) and Defendants' Motion to Dismiss the Complaint (d/e 8) (Motion to Dismiss). For the reasons stated below, the Motions are allowed.

FACTS

The Complaint alleges that Plaintiff Virginia Stockton was the sole beneficiary of a $75,000.00 life insurance policy issued by Defendant The Canada Life Assurance Company (Canada Life Assurance) on the life of Norman J. Barnes. Barnes allegedly purchased the policy by submitting an

enrollment form provided by his employer Kelly Services to Leslie & Associates Benefit Alliance.[1] He submitted his enrollment form after retiring from Kelly Services and indicated his status as a retiree on his form. Barnes purchased the policy under a group policy issued by Canada Life Assurance through Defendant Leslie & Associates, an employee benefit firm. Stockton alleges that Leslie & Associates acted as Canada Life Assurance's agent in this matter.

Leslie & Associates allegedly accepted Barnes' enrollment form and issued a policy to him. He paid the policy premiums, and Leslie & Associates accepted them. Under the policy terms, which were attached to the Complaint, any claims for recovery had to be filed within three years and ninety days after a triggering event. On February 1, 2003, Barnes died. Stockton alleges that Leslie & Associates agents assured her and the funeral home caring for Barnes that the life insurance policy remained in force. After incurring funeral costs, Stockton filed a claim on Barnes' policy, but Defendants refused to make payment.

On December 7, 2007, Plaintiff filed this action in the Circuit Court

---

[1] The Court notes that Leslie & Associates Benefit Alliance is not one of the captioned Defendants. The Complaint references Leslie & Associates Benefit Alliance but also discusses Leslie & Associates. Leslie & Associates is named as a Defendant.

of the Seventh Judicial Circuit, Morgan County, Illinois. Her Complaint sets forth two counts. She alleges in Count I that Canada Life Assurance's failure to pay the policy proceeds was in bad faith, and in Count II, the same of Leslie & Associates.[2] Stockton served Canada Life Assurance on December 17, 2007, and Leslie & Associates on December 18, 2007.

On January 16, 2008, Defendants filed a Notice of Removal (d/e 1) removing this case to federal court based on federal question and diversity jurisdiction. The Clerk's Office docketed the Notice of Removal on the afternoon of January 18, 2008. Earlier that day, in an uncontested hearing in state court, Stockton obtained a default judgment. Because Defendants had never filed an appearance in state court, they received no notice of this hearing; Stockton asserts that she did not know who represented Defendants.

Three days later, Defendants' counsel informed Stockton's attorney that they had removed the case to federal court; Stockton's attorney replied that the state court had already entered a default judgment. The next day,

---

[2]Count I alleges "Plaintiff is informed and believes that the refusal to pay the policy proceeds to her was in bad faith." Notice of Removal, Exhibit B, Complaint, Ct. I, ¶ 14. Count II alleges "Plaintiff is informed and believes that the refusal of Defendant Leslie & Associates to pay the policy proceeds, or cause them to be paid, to her was in bad faith." Notice of Removal, Exhibit B, Complaint, Ct. II, ¶ 16.

January 22, 2008, Defendants mailed a copy of the Notice of Removal to the state court, which docketed the filing January 23, 2008.

The parties appeared in federal court for a telephone conference before Magistrate Judge Charles H. Evans on January 30, 2008. It appears that no one informed Judge Evans of the state court default judgment. Judge Evans directed Defendants to file proof that the state court had received notice of removal by February 7, 2008; they did so on February 6, 2008. Judge Evans then ordered Stockton to file any objection she had to removal by February 13, 2008. Stockton filed no objection.

On February 27, 2008, Defendants moved to dismiss the Complaint as preempted by the Employee Retirement Income Security Act (ERISA) and time-barred. On March 17, 2008, Stockton filed a Response to, and Motion to Strike, Defendant's Motion to Dismiss the Complaint (d/e 10) (Motion to Strike), in which she argued that under *res judicata*, the state court default judgment resolved this case.[3] This was the first this Court learned of the state court default judgment. The parties apparently discussed the issue of the state court default judgment several times before March 17, 2008. Defendants contend that they believed Stockton, at some

---

[3]Stockton filed a duplicate of this Motion at d/e 11.

4

point, would move to vacate the default judgment, while Stockton maintains that she never agreed to do so. On April 3, 2008, Defendants filed a Response to Stockton's Motion to Strike in which they asserted that this Court could vacate the default judgment.

The Court subsequently ordered the parties to file any motions relating to the issue of the state court default judgment. Defendants filed a Motion to Vacate Plaintiff's State Court Default, which Stockton opposed in her Response to Defendant's Motion to Vacate Default Judgment (d/e 15).

## ANALYSIS

The parties have presented several matters for the Court's consideration. First is the question of whether this Court has subject matter jurisdiction. Under 28 U.S.C. § 1331, it does. Second is the issue of the state court's default judgment. This Court has authority to vacate such a judgment, and here, it is appropriate to do so. Third is whether Stockton's claims are time-barred and should be dismissed. Applying the limitations period set forth in the policy, this Court finds that Stockton's claims are untimely. Each matter is discussed in detail below.

I.    SUBJECT MATTER JURISDICTION

Before addressing the issues the parties raised, the Court first must decide whether it has jurisdiction to hear this action at all. Defendants removed this case based on diversity and federal question jurisdiction. Their argument for diversity jurisdiction fails, but they are correct that the Court has federal question jurisdiction.

First, the Court lacks jurisdiction under 28 U.S.C. § 1332. While the parties in this case are diverse, the amount in controversy does not meet the statutory requirement. Stockton pleaded for judgment "in the amount of $75,000.00, plus interest and costs and such other damages as may be allowed by law." Notice of Removal, Exhibit B, Complaint, at Count I "Wherefore" clause & Count II "Wherefore" clause. Under 28 U.S.C. § 1332, district courts have jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States [and] citizens of a State and citizens or subjects of a foreign state." Defendants allege that Stockton is a citizen of Illinois; Canada Life Assurance is a citizen of Canada and Georgia; and Leslie & Associates is a citizen of Texas. If true, the parties here are diverse, so the second requirement for diversity jurisdiction is met.

The first, however, is not.

Defendants bear the burden of establishing jurisdiction here, but they have not met their burden.  See Brill v. Countrywide Home Loans, Inc., 427 F.3d 446, 447 (7th Cir. 2005).  Federal courts only have diversity jurisdiction if the amount in controversy exceeds $75,000.00; alleging $75,000.00 exactly does not confer jurisdiction.  Anthony v. Sec. Pac. Fin. Servs., Inc., 75 F.3d 311, 315 n.1 (7th Cir. 1996).  Defendants argue that the amount in controversy is actually at least $135,000.00, because under 215 ILCS 5/155, Stockton's claim for "such other damages as may be allowed by law" would amount to at least an additional $60,000.00.  See Notice of Removal, Exhibit B, Complaint, at Count I "Wherefore" clause & Count II "Wherefore" clause.  This Illinois statute provides for a statutory penalty of up to $60,000.00 in attorney fees in actions involving an insurance policy where the insurance company acted in a vexatious or unreasonable manner.  215 ILCS 5/155(1)(b).  Yet, in the Seventh Circuit, only attorney fees already incurred at the time of removal may be counted toward the amount in controversy; anticipated fees may not.  Gardynski-Leschuck v. Ford Motor Co., 142 F.3d 955, 958 (7th Cir. 1998); Atteberry v. Esurance Ins. Servs., Inc., 473 F.Supp.2d 876, 877-78 (N.D. Ill. 2007)

(holding that fees under 215 ILCS 5/155 may not be included in calculating the amount in controversy). Thus, the anticipated $60,000.00 may not be included here. Because Defendants offer no other basis for increasing the amount in controversy beyond $75,000.00 exactly, they have not met their burden, and the Court cannot find jurisdiction under 28 U.S.C. § 1332.

Based on ERISA preemption, however, the Court does have federal question jurisdiction under 28 U.S.C. § 1331. Federal question jurisdiction requires that a case arise under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Where Congress has completely preempted a given area of law, federal courts have federal question jurisdiction over all claims in that area of law, regardless of how the plaintiff pleaded her claims. Lister v. Stark, 890 F.2d 941, 943 (7th Cir. 1989).

ERISA provides extensive regulation of employee benefit plans and expressly preempts state law claims relating to such plans. 29 U.S.C. § 1144(a) (stating that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan"). An employee benefit plan is: (1) any plan, fund, or program (2) that is established or maintained (3) by an employer or an employee organization (4) to provide, directly or through the purchase of insurance, benefits,

including medical, dental, life, and disability benefits (5) to participants and beneficiaries. 29 U.S.C. § 1002(1). Stockton's Complaint clearly alleges that Barnes' life insurance policy was a plan established and maintained by Barnes' employer to provide life insurance to a beneficiary. The life insurance policy is an employee benefit plan under ERISA.

Further, Stockton's state law claims relate to that plan. State law claims that are essentially suits for benefits under an employee benefit plan relate to the plan and are completely preempted. Lister, 890 F.2d at 944; Gupta v. Freixenet, USA, Inc., 908 F.Supp. 557, 562 (N.D. Ill. 1995). In both Count I and Count II, Stockton demanded $75,000.00 -- the policy proceeds for which Barnes contracted. She argues that her Complaint sets forth a number of theories of recovery, but what she is seeking in both counts are benefits under an employee benefit plan. Thus, ERISA preempts her claims.

    II.    MOTION TO VACATE DEFAULT JUDGMENT

Next, Defendants have moved to vacate the state court default judgment under the Court's "inherent authority" over the state court's jurisdiction or, alternatively, Federal Rule of Civil Procedure 60(b). Defendant's Motion to Vacate, at 1. Defendants cite no statute or

precedent granting federal courts the general authority to vacate state default judgments, but Rule 60(b) gives the Court the power to do so here.

Under 28 U.S.C. § 1446(b), a defendant must file a notice of removal of a civil case in federal court within 30 days after receipt of the initial pleading. The statute also states:

> Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

28 U.S.C. § 1446(d). Courts disagree on when removal actually occurs under this statute. Some hold that removal occurs when the defendant files a notice of removal in the federal court, but that until the state court receives a copy of the notice, the two courts share concurrent jurisdiction. Berberian v. Gibney, 514 F.2d 790, 793 (1st Cir. 1975). Others hold that removal does not occur until the state court receives a copy of the notice of removal, and only the state court has jurisdiction up to that point. See, e.g., Anthony v. Runyon, 76 F.3d 210, 214 (8th Cir. 1996). Under either theory, however, any order entered by the state court before it receives notice of the removal is valid. Berberian, 514 F.2d at 793. After the state court's

jurisdiction ends, the federal court must treat any judgment entered before the state court received notice as if it had entered the judgment. Id.; Colonial Bank & Trust Co. v. Cahill, 424 F.Supp. 1200, 1203 (N.D. Ill. 1976). Thus, the state court's default judgment against Defendants was valid when entered, but this Court will treat the judgment as if it had entered the order and will consider the Motion to Vacate.

Rule 60(b) allows a court to relieve a party from a final judgment based on "mistake, inadvertence, surprise, or excusable neglect." Here, it appears that Stockton obtained a default judgment in state court based on the mistaken belief that Defendants had failed to take any action within 30 days of service. In the Seventh Circuit, it is well-established that courts favor a trial on the merits over a default judgment. C.K.S. Eng'rs Inc. v. White Mountain Gypsum Co., 726 F.2d 1202, 1205 (7th Cir. 1984). Default judgments should be set aside where: (1) the moving party alleges a meritorious defense to the action; (2) the default was not wilful; and (3) the moving party acts with reasonable promptness. A.F. Dormeyer Co. v. M.J. Sales & Distributing Co., 461 F.2d 40, 43 (7th Cir. 1972). In contrast, courts should uphold default judgments where defendants "blatantly hindered the district court's efficient handling of the case" or showed a

"callous disregard" for the procedures of the court. <u>Passarella v. Hilton Int'l Co.</u>, 810 F.2d 674, 676 (7th Cir. 1987).

The factors here support vacating the state court default judgment. First, Defendants allege that this suit is time-barred and as discussed below, their defense is meritorious. Second, Defendants assert that they filed their Notice of Removal within the required 30 days and thought it would prevent entry of default judgment in the state court. Their default was not wilful.

The third issue is more difficult. Stockton argues that Defendants did not act with reasonable promptness. Specifically, she contends that they should have moved to vacate the default judgment within 30 days of its entry -- by February 18, 2008 -- as the state court would have required. <u>See</u> 735 ILCS § 5/2-1301(e). Certainly, this case would have proceeded in a more orderly fashion had Defendants done so, and the Court is troubled that both parties failed to notify Judge Evans of the default judgment at the initial hearing. Defendants contend that they believed Stockton would move to vacate the default judgment, and once they received her Motion to Strike on March 17, 2008, which clearly signaled that she would not, they informed the Court that they thought the default judgment should not

stand. Defendants did not act as quickly as possible, but given the numerous misunderstandings here, including the fact that the state court would not have found Defendants in default had it known of the removal, the Court is reluctant to find their delay so unreasonable as to prevent a resolution of this case on the merits. Thus, the Court concludes that Defendants acted with reasonable promptness.

Finally, Defendants do not appear to have blatantly hindered or callously disregarded court rules. Thus, the general preference for trial on the merits favors vacating this default judgment.

Before moving on to the Motion to Dismiss, however, the Court must address Defendants' request for attorney fees incurred in responding to Stockton's Motion to Strike. Defendants contend that Stockton "should have vacated the state court default judgment of her own accord, or at least informed Magistrate Judge Evans during the initial status hearing that she sought to use the default judgment as a bar to adjudication on the merits in federal court." <u>Defendant's Memorandum in Opposition to Plaintiff's Motion to Strike (d/e 12)</u>, at 6. According to Defendants, Stockton implemented a strategy designed to impede the progress of this case in federal court and thus went beyond zealous advocacy. They urge the Court

to award sanctions under 28 U.S.C. § 1927.

Yet, both parties contributed to the delay of this case. While Stockton was under no obligation to move to vacate the default judgment, she should have informed Judge Evans of the issue at the initial hearing. Defendants concede, however, that they knew of the default judgment by then, and they too could have raised the issue. Because the parties both remained silent, the Court will not order Stockton to pay Defendants' attorney fees.

### III.   MOTION TO DISMISS

Defendants have moved to dismiss this case under Federal Rule of Civil Procedure 12(b)(6). Rule 12(b)(6) mandates dismissal where a complaint fails to state a claim on which relief can be granted. When a complaint's allegations do not "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level,'" the Court must dismiss. EEOC v. Concentra Health Svs., Inc., 496 F.3d 773, 777 (7th Cir. 2007) (quoting Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007)). For purposes of a motion to dismiss, the Court must accept as true all well-pleaded factual allegations in a complaint and draw all inferences in favor of the non-moving party. Hager v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996); Covington Court Ltd. v. Village of Oak Brook, 77

F.3d 177, 178 (7th Cir. 1996). Thus, in deciding this Motion to Dismiss, the Court accepts the allegations in Stockton's Complaint as true.

Additionally, "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes," including consideration of a motion to dismiss. Fed. R. Civ. P. 10(c). Because Stockton attached a copy of the Plan Certificate Booklet to her Complaint, this Court may consider it. See Notice of Removal, Exhibit B, Complaint Exhibit A (Certificate Booklet); Defendants' Memorandum in Support of Their Motion to Dismiss the Complaint (d/e 9), Exhibit B, Certificate Booklet.[4]

Finally, when a plaintiff refers to a document in her complaint, and that document is central to her allegations, a court can consider the document on a motion to dismiss without converting the motion to one for summary judgment. Menominee Indian Tribe of Wisconsin v. Thompson, 161 F.3d 449, 456 (7th Cir. 1998). Defendants attached a copy of Barnes' life insurance policy to their Memorandum in Support of Their Motion to Dismiss the Complaint. See Defendants' Memorandum in Support of Their

---

[4] In the copy of the Certificate Booklet filed with the Complaint, the electronic filing system assigned page numbers that differ from those set forth in the Certificate Booklet itself. For ease of reference, the Court will cite to the copy of the Certificate Booklet attached to Defendant's Memorandum in Support of Their Motion to Dismiss the Complaint, which does not have the same page numbering problem.

Motion to Dismiss the Complaint, Exhibit A, Group Policy.  Because Stockton referred to the policy in her Complaint, and it is central to her allegations, the Court will consider it.

Defendants argue that Stockton's claims are time-barred, making it impossible for this Court to grant any relief.  ERISA contains no statute of limitations for suits to recover benefits, but the general practice of federal courts is to borrow the limitations' period in the most nearly analogous state or federal statute of limitations.  Doe v. Blue Cross & Blue Shield United of Wisconsin, 112 F.3d 869, 873 (7th Cir. 1997).  Where the plan itself sets forth a limitations' period, however, the contractual limitations' period applies, so long as it is reasonable.  Id. at 874-75.  Here, the policy bars any claims for recovery filed more than three years and ninety days after the triggering event.  The Certificate Booklet explains:

> No action at law or in equity shall be brought to recover on the group policy prior to the expiration of 60 days after written proof of loss has been furnished in accordance with the requirements of the group policy.  No such action shall be brought after the expiration of three years after the time written proof of loss is required to be furnished.

Defendants' Memorandum in Support of Their Motion to Dismiss the Complaint, Exhibit B, Certificate Booklet, at 32.  It also states that

"[w]ritten proof of loss must be furnished to Canada Life within 90 days after the date of such loss." Id. at 31. The Seventh Circuit has specifically held that in employee benefits cases, this period -- 39 months -- is reasonable. Doe, 112 F.3d at 875.

In her Response to Defendant's Motion to Vacate Default Judgment, Stockton asserts that Count I sets forth a claim against Canada Life Assurance for breach of contract. She asserts that Count II sets out claims against Leslie & Associates for breach of fiduciary duty, arising from its failure to administer the plan properly, and promissory estoppel and quasi-contract, arising from its representations regarding the funeral bill. Under any of these theories, however, Stockton has pleaded for the $75,000.00 policy benefit. Thus, her claims are "brought to recover on the group policy," and the 39-month policy limitations period applies instead of the statutory periods otherwise applicable. Defendants' Memorandum in Support of Their Motion to Dismiss the Complaint, Exhibit B, Certificate Booklet, at 32.

Stockton argues that whether the policy period actually bars her claims is a factual issue that cannot be determined on a motion to dismiss. Yet, her Complaint sets forth the only facts necessary for deciding this issue.

According to the Complaint, Barnes died February 1, 2003; this was the triggering event. Moreover, a file stamp on the Complaint clearly demonstrates that Stockton filed her action December 7, 2007. As it must do on a motion to dismiss, the Court accepts these facts as true. The policy required Stockton to file her complaint within three years and ninety days from Barnes' death, or by April 30, 2006. She did not do so, and therefore, the limitations period has run on any claims to recover on the policy. The Court dismisses Stockton's Complaint with prejudice.

THEREFORE, Defendants' Motion to Vacate Plaintiff's State Court Default (d/e 13) and Defendants' Motion to Dismiss the Complaint (d/e 8) are ALLOWED. All pending motions are denied as moot. This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER:  August 19, 2008

   FOR THE COURT:

                               s/ Jeanne E. Scott
                              JEANNE E. SCOTT
                         UNITED STATES DISTRICT JUDGE